UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAYMOND LEE SMITH, III,

Plaintiff,

v.

CAUSE NO. 3:22-CV-227-DRL-MGG

KOREY BREATON, FISHER, and DAY,

Defendants.

OPINION AND ORDER

Raymond Lee Smith, III, a prisoner without a lawyer, filed a complaint alleging his toilet was overflowing at the Miami Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Smith alleges he told Sgt. Korey Breaton on March 28, 2021 that his toilet had been overflowing with urine and feces for two days. He alleges Sgt. Breaton told Captain Fisher, and Officer Day was present. In response, he says he was given a trash bag to cover the toilet and trash bags to defecate into. He says he urinated in the sink. The complaint alleges the only date on which this happened was March 28, 2021. The response to his grievance says, "Offender maintenance was not able to be used. [Sgt.

Breaton] then got the tool kit but was unable to open the cover on the pipe chase. The oncoming shift was informed of the issue. I am sorry that the issue was not immediately fixed." ECF 1-1 at 1 (quotation mark omitted). Mr. Smith does not dispute the facts in the response. Based on the alleged facts, the toilet was either fixed or Mr. Smith was moved later on March 28, 2021. The complaint does not say how the situation was ultimately resolved.

The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (*quoting Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Conditions of confinement must be severe to support an Eighth Amendment claim. "[T]he prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id*. at 834. The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). "[T]he duration of the condition . . . determines whether the conditions of confinement are unconstitutional." *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997).

Here, the defendants are alleged to have responded promptly by providing Mr. Smith with a temporary solution for a few hours until the underlying problem could be solved later that day. Though undoubtedly unpleasant, none of the three named defendants violated his Eighth Amendment rights.

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Smith may file an amended complaint if he believes he can state a claim based on

(and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Raymond Lee Smith, III, until **June 21, 2022**, to file an amended complaint; and

(2) CAUTIONS Raymond Lee Smith, III, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

May 19, 2022                                     *s/ Damon R. Leichty*
                                                  Judge, United States District Court