UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAYMOND LEE SMITH, III,

    Plaintiff,

    v.                                            CAUSE NO. 3:22-CV-227-DRL-MGG

KOREY BREATON, FISHER, and
BRANDY,

    Defendants.

OPINION AND ORDER

Raymond Lee Smith, III, a prisoner without a lawyer, filed an amended complaint alleging he was held in a cell with a non-working toilet that had overflowed onto the floor at the Miami Correctional Facility. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Smith alleges his toilet overflowed on March 26, 2021, and spilled urine and feces on his cell floor. He alleges he told Sgt. Korey Breaton who said he would call maintenance to fix the toilet. Sgt. Breaton did not offer Mr. Smith a way to clean his cell. The next day, Mr. Smith alleges he told Sgt. Brandy about the problem. She said she

would call maintenance and allow him to clean his cell floor. She gave him a trash bag to cover the toilet but did not provide him with a way to clean the floor. That evening, Mr. Smith alleges he told Sgt. Breaton again. Though Sgt. Breaton said he would let him clean his cell, he did not provide him a means to do so. The following morning, Mr. Smith alleges he told Sgt. Brandy again with the same results. That night, he alleges he told Sgt. Breaton again. This time he alleges he was temporarily let out of his cell, but given no means to clean it before or after he was put back. Mr. Smith alleges there were other clean cells with working toilets, but Sgt. Breaton refused to move him because Captain Fisher denied the request. On March 29, 2021, after three days, the problem was fixed. During that time, Mr. Smith alleges his cell floor was covered with urine and feces, that he did not have a working toilet, and that he used a trash bag as a toilet when he needed to relieve himself.

The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (*quoting Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Conditions of confinement must be severe to support an Eighth Amendment claim. "[T]he prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* at 834. The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). "[T]he duration of the condition . . . determines whether the conditions of confinement are unconstitutional." *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997).

2

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the court of appeals has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference"). Giving Mr. Smith the benefit of the inferences to which he is entitled at this stage of the proceedings, the complaint states a claim against the three defendants.

For these reasons, the court:

(1) GRANTS Raymond Lee Smith III leave to proceed against Sgt. Breaton, Sgt. Brandy, and Captain Fisher in their individual capacities for compensatory and punitive

3

damages for holding him in a cell from March 26, 2021, to March 29, 2021, with a non-working toilet while the floor was covered in urine and feces in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Breaton, Sgt. Brandy, and Captain Fisher at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 7);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Breaton, Sgt. Brandy, and Captain Fisher to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

November 21, 2022  *s/ Damon R. Leichty*
Judge, United States District Court